# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

PATRICK BROWN                                                                                    PLAINTIFF

v.                                5:12CV00374-KGB-JJV

COSEN, Officer; et al.                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.      INTRODUCTION**

Plaintiff Patrick Brown, an inmate at the W.C. "Dub" Brassell Detention Center ("WBDC"), filed a *pro se* complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his constitutional rights were violated when: (1) Defendant Cosen refused, on an unspecified date, to allow him to call his attorney regarding his medical care; (2) Defendant Sikes neglected to turn the speakers on in the prison control booth, thereby delaying care to Plaintiff in a medical emergency; (3) he was not provided with appropriate medication while at the WBDC; and (4) he was not provided with an adequate diet (Doc. No. 19 at 2-4).

Defendants Cosen and Sikes filed a Motion for Summary Judgment (Doc. No. 18) seeking dismissal of Plaintiff's claims. This Motion never reached Plaintiff due to his failure to update his listed address (Doc. No. 22). The Court's Order (Doc. No. 24) directing Plaintiff to respond to the Motion also proved undeliverable (Doc. No. 25).[1] Nevertheless, Defendants' Motion for Summary Judgment is now ripe for disposition. After careful review, the Court finds Defendants are entitled to summary judgment.

---

[1] Per Local Rule 5.5(C)(2), it is the Plaintiff who bears the responsibility to apprise both the Court and other parties of a change in his address.

## II. UNDISPUTED FACTS

On September 4, 2012, Plaintiff was arrested and confined at the WBDC (Doc. No. 20 at 10). On September 28, 2012, he filed the present action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. No. 2). The Complaint alleges four separate violations (*Id.*).

Plaintiff's first allegation is that Defendant Cosen refused to allow him to call his attorney on an unspecified date (Doc. No. 20 at 2). Plaintiff hoped to speak to his attorney about the prescription for his blood pressure medication which had, allegedly, been altered upon his admission to the WBDC (Doc. No. 2 at 4). Plaintiff admitted that he erroneously named Defendant Cosen (Doc. No. 13), and now believes it was "Officer Williams" who denied him the phone call to his attorney (*Id.*). Plaintiff has not moved to add or substitute "Officer Williams" as a party to the current action.

Plaintiff's second allegation states that, on a separate unspecified date, Defendant Sikes was sitting in the prison control booth with the speakers turned off (Doc. No. 20 at 3). This allegedly delayed assistance to Plaintiff during a medical emergency related to his blood pressure (*Id.*).

Plaintiff next alleges he was denied certain medications for blood pressure, unspecified stomach issues, and migraine headaches (Doc. No. 2 at 5). He alleges he verbally requested these medications and was denied them. (*Id.*). Plaintiff does not name either of the current Defendants in this claim, but implicates only "Jefferson County Jail" (*Id.*). Jefferson County and Jefferson County Jail have already been dismissed as defendants in this action (Doc. No. 8).

Finally, Plaintiff alleges his diet was inadequate during his incarceration at WBDC (Doc. No. 20 at 4). He states his meals were "not up to code" and he was not provided the "meat, coffee, or juice" for breakfast as his "health diet" requires (Doc No. 2 at 5). Here again, the Complaint does not implicate Defendant Cosen or Sikes by name in these alleged dietary failings (*Id.*).

### III.    STANDARD OF REVIEW

####   A.    Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

### IV.    ANALYSIS

Defendants have moved for the dismissal of each claim which the Plaintiff has asserted against them. The Court examines each allegation in turn.

####   A.    Refusal to Allow Plaintiff to Call His Attorney

As noted above, Plaintiff's Complaint alleged that Defendant Cosen refused to allow him to call his attorney about the adequacy of the blood pressure medication which the WBDC had provided him (Doc. No. 20 at 2). In his Response filed November 29, 2012, Plaintiff admits he was mistaken, and the officer who refused him the call was "Officer Williams" (Doc. No. 13). Plaintiff has not moved to add or substitute "Officer Williams" as a party to this lawsuit. This claim therefore should

be dismissed.

B. **Delay in Responding to Plaintiffs' Medical Emergency**

Plaintiff alleged that he suffered delayed care during a medical emergency due to Defendant Sikes's failure to turn on the speakers in the prison control booth (Doc. No. 20 at 3). To establish a claim of deliberate indifference to serious medical needs under § 1983, an inmate must demonstrate that he suffered from an objectively serious medical need and that the defendants actually knew of but deliberately disregarded the need. *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013). As Defendants correctly point out, Plaintiff fails to allege that Defendant Sikes had awareness of Plaintiff's medical emergency and chose to ignore it. Rather, Plaintiff's allegations, taken as true, establish Defendant Sikes's complete unawareness of the ongoing emergency. Defendant Sikes's failure to turn on the prison speakers, if true, might well prove negligent, but negligence is not actionable under § 1983.

C. **Lack of Medication**

Plaintiff alleged he was without medication for blood pressure, migraines, and unspecified stomach issues while at WBDC (Doc. No. 2 at 5). In connection with this allegation, his Complaint names only "Jefferson County Jail" (*Id.*). And Jefferson County Jail has already been dismissed as a defendant (Doc. No. 8). Moreover, the current Defendants cannot, based on the evidence, be held accountable for any alleged failings in the Plaintiff's prescribed medication. In *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997), the court held that claims of medical indifference should be filed against the individuals directly responsible for the inmate's medical care. Defendants Cosen and Sikes were not responsible for determining the contents of Plaintiff's prescriptions or any other aspect of his medical care.

D. **Inadequacy of Diet**

Plaintiff's allegations of dietary inadequacy are similarly disposed of.  Plaintiff has failed to establish any responsibility on the part of Defendants Cosen or Sikes for either the content or preparation of his meals. As such, there can be no individual liability for either Defendant on this claim.

**V.     CONCLUSION**

IT IS THEREFORE RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 18) be GRANTED;

2. Plaintiff's claims be dismissed with prejudice; and

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 9th day of April, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE